Smith *v.* Berry.

(*) SMITH, sheriff, *versus* BERRY *&* als.

A sheriff is not liable upon a contract made by his deputy in his private and unofficial capacity, though such contract may have arisen out of some official act performed by the deputy.

For the expenses of defending a suit brought against the sheriff upon such a contract, he has no remedy upon the deputy or his sureties, their bond containing no indemnity against such suits.

To suits brought against the sheriff for official acts of his deputy, it is proper that the sheriff should take care that no judgment be wrongfully obtained against him. For the expenses of so doing, if judiciously incurred in good faith, he has remedy on the deputy's bond.

For such expenses, incurred before the suit upon the deputy's bond, the sheriff may recover, though in fact not paid by him till after bringing the suit.

Judgment in a suit, wherein a set-off account had been filed, is conclusive upon that account, unless some of its items had been previously withdrawn.

But if, in adjusting the amount of the judgment, the parties have, in writing, stated what are the elements which make up the amount, any item of the set-off claim which was excluded from such adjustment, may become the basis of a new suit.

ON EXCEPTIONS from *Nisi Prius*, HOWARD. J., presiding.

DEBT by the sheriff against the surviving sureties on a bond given by William H. Morse, deceased, a deputy under the plaintiff. · The bond is substantially in the usual form of bonds given by deputies for the performance of their official duties. Its particular stipulations are sufficiently recited in the opinion of the Court.

The following are the particulars for which the plaintiff claims to recover upon the bond.

1. Cash paid to counsel, $8,00, term fee in action James H. Price against the sheriff, in which Price became "nonsuit."

2. Cash, $27,00, paid for fees of counsel employed by the sheriff in case Day against sheriff and his sureties. That suit was brought for alleged default of the deputy. Other counsel were employed in the case, some by a co-defendant, and some by other attaching creditors.

The action was commenced for Nov. Term, 1848. It was settled by the sureties of the deputy, and was entered

"neither party," Nov. term, 1849. The sheriff proved that he had paid the $27,00, of which $15,00 were for notifying the sureties of Morse and the attaching creditors. The administrator on the estate of the deputy testified that he appeared in that suit, and held himself in readiness to attend to the defence of it, and of all other suits in which the sureties of the deputy were concerned.

3. The sum of $55,00, cost and counsel fees in case *Kendrick* v. *the sheriff*, 31 Maine, 162. That report shows that Kendrick's claim was upon a mere personal promise of the deputy, and not a claim upon which the sheriff could have been accountable.

4. Balance due to the sheriff for his per centage on fees earned by Morse, as his deputy.

It appeared that, for serving a writ against the firm of Kimball & Coburn, and for attaching and keeping property thereon, the sum of $200 had been allowed to the deputy by the Court, and included in the execution issued against them, and that that execution had been collected by the sheriff. For that sum, $200, the administrator of the deputy had brought suit against the sheriff, who therein filed an account in set-off for $300 for the per centage due to him on fees earned by the deputy, and for counsel fees in defending suits. In that suit, the administrator recovered a judgment, upon an adjustment made by the parties, for $100 damage and $75,00 cost.

There was a conflict of testimony as to the items and amount allowed upon the set-off in that suit, the papers which contained the particulars having been lost.

It appeared that, for some of the counsel fees which the sheriff claims to recover, he did not in fact make the payments till after commencing this suit.

The Judge instructed the jury, that if the plaintiff had become responsible for these items previous to the date of the writ, and there was a breach of the condition of the bond before the commencement of the action, the plaintiff was entitled to recover these items for which he was thus

responsible, if the same had been since paid by him, and were reasonable charges, and had not been included in the settlement with the deputy's administrator.

The defendants requested the Judge to instruct the jury that it was the duty of the sheriff to notify the sureties or parties interested, that suit had been commenced against him, and that he cannot recover the fees of counsel for giving such notice, if he chose to employ counsel to do it; and that if suitable counsel was employed and appeared to defend the action by the bondsmen or other parties interested, the sheriff cannot recover for the expense of additional counsel employed by himself. The Judge declined to give that instruction, but instructed the jury that, when the sheriff was sued, it was his duty to defend the case in good faith when a defence was proper, and that he might employ suitable counsel; — that he had duties to himself and to the sureties and others interested; — that though others might employ counsel, he also might do the same, if the employment was in good faith; — and that he might recover the reasonable expense of the same, if entitled to recover in the suit.

The defendants also requested the Judge to instruct the jury that the suit of *Kendrick* v. *Smith,* being for the sheriff's own neglect to pay the keeper fees, when he had himself collected the extras in which said fees were recovered, the $55,00, charged for defending that suit, are not recoverable against the bondsmen of the deputy. The Judge declined so to do, but left it to the jury to decide from the evidence, as matter of fact, whether that action was solely for the doings or neglects of the sheriff, or whether it was for the doings or neglects of the deputy, and to determine the amount, if any, which the plaintiff was entitled to recover on this claim, upon the principles stated.

The defendants further requested the Judge to instruct the jury that, if the claims here prosecuted were filed in set-off in the action of the deputy's administrator against the sheriff, and that judgment was afterwards entered in that

suit in favor of the deputy's estate, the accounts in set-off not having been withdrawn, the plaintiff is thereby precluded from maintaining this action for the same causes.

The instruction given was, that if the claims were excluded from the adjustment upon which the judgment was rendered against the sheriff in favor of the deputy's administrator, the sheriff would not now be precluded by that judgment; otherwise he would be.

The verdict was for the plaintiff for $90,00.

To these instructions and to the refusals to instruct, the defendants excepted.

*Fox*, for the plaintiff.

*Barrows*, for the defendants.

TENNEY, J. — The bond in suit is believed to contain conditions substantially similar to those referred to, and made the subject of consideration in decisions of the Courts in Massachusetts, and in this State, touching the relations between a sheriff and his deputy; and secures to the plaintiff indemnity from all suits, costs, damages and expenses by reason of the *doings, wrong doings* or *neglects* of the deputy, in the execution of each and every of the conditions specified in the bond, and not otherwise. The conditions specified in the bond, are, that the deputy shall well and truly perform all the duties of said office of deputy sheriff, in all and every respect according to law, and shall faithfully execute all writs and precepts, of whatsoever nature, which shall be committed to him, and which he ought by law to execute; and shall keep a true and exact account, with the items thereof, for all fees for travel and service, and other emoluments which shall accrue, or be due to him, by virtue of his said office of deputy sheriff, (with certain exceptions,) and shall exhibit the same to the sheriff, whenever he shall be thereto requested, and shall, within twenty days next after the first day of December, annually, return under oath a true copy of said account, &c., and shall pay over,

&c., twelve per cent. of such fees and emoluments as he shall have received, or be entitled to receive, &c.

In a suit against the sheriff, on account of an act which the deputy performed in his official character of deputy sheriff, and which he could not have done otherwise; or of any neglect to do an act which he was required by law to do, by virtue of the office and the obligations which it imposed, the sheriff would be liable in the same manner as he would be, if the same acts had been done or omitted by himself, or as the deputy would be liable in an action against him for the like doings or neglects. And the sheriff would have a claim to be indemnified for the acts and omissions of his deputy, of such description, upon the bond taken of the deputy and his sureties. This right of indemnity does not depend upon the success of a suit against the sheriff, for the doings, wrong doings or neglects of the deputy, or the right to maintain an action therefor; provided he is called upon to defend a suit, instituted on account of his deputy's official doings or omissions. There may be numerous instances, where the sheriff may be called upon in a suit for an alleged default of his deputy; and such action may fail as having no valid foundation in law or fact, and he may have a perfect claim upon the deputy and his sureties, for his expenses in the defence of the action, because those expenses accrued by reason of the doings, wrong doings or neglects of the deputy in the execution of some of the conditions of the bond.

On the other hand, an action against the sheriff, for an act or neglect of his deputy, not embraced in some of the conditions of the bond, or any costs, damage or expense which may arise therefrom, cannot be maintained, though the suit was commenced under the belief, that he is liable for the supposed defaults of his deputy, and he may be subjected to the costs and expense necessarily in the defence, which may prove successful, on the ground that he is not responsible for the acts or omissions of the deputy alleged.

The sheriff cannot be holden for the breach of a contract made by his deputy in his private and not official capacity, although the contract may arise on account of some duty done by the deputy in his office; consequently he has no claim upon his deputy's bond, for the expense to which he may be subjected in the defence of the groundless suit; for the deputy alone is liable for the failure to fulfil his private obligation. If a deputy sheriff take property as that of the defendant, on *mesne process,* or of the debtor on execution, and the sheriff is called upon in a suit by a stranger, who claims to be the owner of the property, the expense of the sheriff in a proper defence of that suit, whether the suit be well grounded or not, successful or otherwise, is secured by the deputy's bond. But the contracts which the deputy may make with his servants or agents, for the safe keeping and restoration of that property, are not official acts, and for a breach of those contracts, the sheriff is in no respect holden. *Kendrick* v. *Smith,* 31 Maine, 162. And when he, is relieved from liability for the acts or neglects of his deputy, because they are neither the doings, the wrong doings or neglects, in the performance of the conditions of the bond for which he is responsible, he has no claim on the deputy for any costs, damage or expense arising from his defence of the suit.

The actions in favor of Price and of Day, against the plaintiff, were for acts of the deputy as alleged, of an official character; and it was not improper, that the sheriff should take care that judgment was not rendered against him therein for want of attention to their defence; and the costs, damages and expense which he was bound to pay in giving this attention, so far as they were judicious, were a charge against his deputy, and would be covered by his bond. As he would be called on directly, if a judgment had been rendered against him, in either of the actions, it was his privilege to judge of the propriety of the measures, which he adopted in the defence, and so long as he conducted in good faith, without any intention to oppress his

deputy, or to make unnecessary expense in the employment of counsel in addition to those engaged by the deputy himself, the latter would be bound to save him harmless from the costs and expense which were reasonable. The instructions to the jury in this part of the charge were consistent with these principles, and in those given and in omitting those requested, there was no legal error.

The defendants objected to the allowance of any item of the plaintiff's expense, that had not accrued and been paid, before the commencement of this suit. By the instruction of the Judge, the right to recover for such items was dependent upon a breach of the bond, and a responsibility of the plaintiff to pay, before the date of the writ, and the actual payment of those items, and satisfactory evidence to the jury, that the payments were reasonable, and the failure of the deputy or any other person to reimburse the money so paid, before the trial. When the responsibility of the deputy to make payments to the sheriff before the institution of the suit is established, a sum paid afterwards, and before the trial, for which the deputy may be liable, may be included in the amount for which execution should issue, upon a judgment for the breach of the bond. *Gardiner* v. *Niles,* 16 Maine, 280. The instructions in this respect were correct.

The Court were requested to instruct the jury that, if they find the claims here prosecuted were filed in set-off, in the action in favor of the deputy's administrator against the plaintiff, and judgment was afterwards entered in that suit, and the account in set-off was not withdrawn, the plaintiff is precluded from maintaining this action for the same causes. This request was not granted, but the jury were instructed that, if the claims were excluded from the settlement, between the administrator and the agent of the plaintiff, the plaintiff would not be precluded by the settlement and the judgment founded thereon; otherwise, he would be precluded by that judgment.

If the jury had found the facts, as the request of the

defendants supposed, the instruction requested was proper. But upon that question there was evidence of a contradictory character. The testimony on one side was, that a judgment was rendered in the action referred to, in which an account was filed in set-off, embracing the same claims to some extent, which are demanded in this suit. A judgment in that action, without a withdrawal of any item in set-off, would be conclusive upon that account. *Eaton* v. *Cole*, 1 Fairf. 137. But if an adjustment took place between the parties, and a writing was executed by them showing the mode of adjustment, and items charged in the account in set-off were expressly excluded, and judgment was rendered accordingly, it was a withdrawal of such items. Evidence tending to show these facts was adduced, and it was upon the truth of these facts, that the jury were directed to find that the plaintiff would not be precluded by the settlement and judgment thereon from recovery for the items in this action, so excluded. In this there was no error.

It appears from the report of the case of *Kendrick* v. *Smith*, 31 Maine, 162, which was read to the jury without objection, that the suit was brought against the plaintiff, for the alleged neglects of his deputy, Morse; and also for the plaintiff's own neglects. He was exonerated from liability on account of the former, for the reason, that those neglects were the breaches of the deputy's promises, which were personal, and which involved no official responsibility. The bond secured no indemnity for these neglects, and the plaintiff is without a remedy therefore upon the bond. So far as that suit was for a recovery of damages received for his own neglects after the death of Morse, the defendants cannot on any principle be liable. The right of the plaintiff to recover on account of the expenses incurred in the defence of the action in favor of Kendrick against him, was dependent upon the nature of the claim in that suit, and the condition of the bond. The construction of the latter was a matter of law, and had been given in the decision of the questions raised in the suit referred to. The same case

fully disclosed the grounds of action therein, and it was adjudged that the plaintiff was not liable, for the reason, that the neglects complained of, were not those embraced in the conditions of the bond.  The instruction requested by the defendants, that the charge for defending that suit was not recoverable against the bondsmen of the deputy, should have been given; and the submission to the jury, to decide as matter of fact, whether that action was solely for the doings or neglects of the sheriff, or whether it was for the doings or neglects of the deputy, and to determine the amount, if any, which the plaintiff was entitled to recover on this claim, was incorrect.   For this cause the

*Exceptions are sustained,*
*and a new trial granted.*

SHEPLEY, C. J., and WELLS and APPLETON, J. J., concurred.

